IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH P. LOWRY,

      **Plaintiff,**

      v.                            **CASE NO.  20-3144-SAC**

MICHAEL KAGAY, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983.  The Court granted Plaintiff leave to proceed *in forma pauperis*.  Plaintiff is confined at the Shawnee County Adult Detention Center in Topeka, Kansas.  On June 10, 2020, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC"), granting Plaintiff until July 10, 2020, in which to show good cause why his Complaint should not be dismissed due to the deficiencies set forth in the MOSC.  This matter is before the Court on Plaintiff's Response (Doc. 6).

Plaintiff alleges that on September 25, 2017, there was a preliminary hearing in Case No. 17CR327.  Plaintiff alleges that by this time, Defendant Dan Dunbar had made it clear that they had a confession from Joseph A. Kruhn, and Dunbar knew that Plaintiff had not killed anyone.  Plaintiff alleges that the State continued to charge Plaintiff with premeditated murder and sentenced him to 138 years in prison.  Plaintiff alleges that he has appealed his state criminal case and the case is ongoing.  Plaintiff names as defendants four acting district attorneys.  Plaintiff seeks 138 million dollars for pain and suffering.

Plaintiff names four county prosecutors as defendants.  In the MOSC, the Court held that Plaintiff's claims against the county prosecutors fail on the ground of prosecutorial immunity.  Prosecutors are absolutely immune from liability for damages in actions asserted against them

1

for actions taken "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).   Plaintiff's claims concerning his criminal case fall squarely within the prosecutorial function.

Plaintiff alleges that his state criminal case is pending on appeal.  The Court found in the MOSC that the Court may be prohibited from hearing Plaintiff's claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971), because Plaintiff's state criminal case is pending.

The Court also cautioned Plaintiff in the MOSC that to the extent Plaintiff challenges the validity of his sentence in his state criminal case, his federal claim must be presented in habeas corpus.  "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*"  *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added).

In his Response, Plaintiff asserts that he will drop his request for monetary damages to avoid dismissal of his claims based on prosecutorial immunity.  (Doc. 6, at 2.)   In addition, Plaintiff claims that he is not asking the Court to overturn his conviction, but he goes on to allege that "part of the complaint was improper given the information the State had.  The confession along with the fact the State did not charge me with aiding and abetting makes the complaint and sentence invalidated."  *Id*.   Plaintiff's claims are an attack on his conviction.

Plaintiff alleges that requiring him to exhaust his state court remedies will take too long. However, a plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his

remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982).  As stated in the MOSC, any claim challenging Plaintiff's state sentence is not cognizable in a § 1983 action.

Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.  Plaintiff's Complaint is dismissed for failure to state a claim

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated September 25, 2020, in Topeka, Kansas.**

**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**